```
AL SMITHSON, Esq.
830 23rd Street
San Diego, California 92102

(619) 234-8729

Attorney State Bar No. 51611

Attorney for Material Witness:
JOSE FILOMMENO
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable BARBARA L. MAJOR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALFONSO TORRES,<br><br>Defendant. | CRIMINAL CASE   07CR3110-JM<br>MAGISTRATE CASE 07MJ8857-PCL<br>  DATE: December 13, 2007<br>  TIME: 10:30 A.M.<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT<br>OF MOTION FOR ORDER<br>SETTING VIDEO DEPOSITION<br>OF MATERIAL WITNESS<br>JOSE FILOMMENO |

I.

INTRODUCTION

The material witness, JOSE FILOMMENO, was arrested on or about October 18, 2007, and has remained in custody since that date.

Witness, JOSE FILOMMENO, seeks an Order by this Court under 18 U.S.C. Section 3144 and Federal Rule of Criminal Procedure 15 to have his testimony preserved in a video deposition as he has been unable to secure a surety under the conditions imposed by the government in this matter.

///
///

## II.

## UNDER EXISTING FEDERAL LAW

## THE COURT IS REQUIRED TO ORDER

## THE DEPOSITION AND RELEASE OF THIS WITNESS

18 U.S.C. Section 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their deposition taken and thereafter be released:

"No material witness may be detained because of inability to comply with an condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice..."

"Upon such a showing, the district *must* order [the witness'] deposition and prompt release." (Torres-Ruiz v. United States District Court for the Southern District Court of California, 120 F.3d 933, 935 (9th Cir., 1997)) (emphasis in original).

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedure basis for this motion for deposition:

"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written motion of the witness and upon notice to the parties may direct that the witness's deposition be taken. After the deposition has been subscribed the Court may discharge the witness..."

Under such circumstances, "if the deposition would prove admissible over any objection under the Confrontation Clause of the United States Constitution or the Federal Rules of Evidence, the material [witness] must be deposed rather than detained." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992)).

1    The language of 18 U.S.C. Section 3144 is mandatory and
2    requires material witnesses's deposition and release.
3    Further, legislative history supports the position that the
4    deposition and release of the material witness is mandatory.
5    Section 3144: RELEASE OR DETENTION OF A MATERIAL WITNESS,
6    reads (in part):
7    <u>This Section carries forward, with two significant changes,</u>
8    <u>current 18 U.S.C. 3149 which concerns the release of a material</u>
9    <u>witness.  If a person's testimony is that it may become</u>
10   <u>impracticable to secure his presence by subpena, the government is</u>
11   <u>authorized to take such person into custody.  A judicial officer is</u>
12   <u>to treat such a person in accordance with Section 3142 and to</u>
13   <u>impose those conditions of release that he finds to be reasonably</u>
14   <u>necessary to assure the presence of the witness as required, or if</u>
15   <u>no conditions of release will assure the appearance of the witness,</u>
16   <u>order his detention as provided in Section 3142.  However, if a</u>
17   <u>material witness cannot comply with release conditions or there are</u>
18   <u>no release conditions that will assure his appearance, but he will</u>
19   <u>give a deposition that will adequately preserve his testimony, the</u>
20   <u>judicial officer is required to order the witness's release after</u>
21   <u>the taking of the deposition if this will not result in a failure</u>
22   <u>of justice... 1984 U.S. Code Cong. and Adm. News, p. 3182.</u>
23   In the instant case, in which the material witness will have
24   been incarcerated 57 days on the hearing date of this motion due
25   solely to his inability to secure bond, continued incarceration
26   violates the clearly stated intent of the Congress and the
27   straightforward rulings by the Court of Appeals (Torres-Ruiz v.
28

1  United States District Court) that such practices shall not be
2  permitted. Prolonged and continued incarceration clearly meets the
3  test of "exceptional circumstances" as referenced in Torres-Ruiz v.
4  United States District Court.  In another case where the material
5  witness had been in custody for <u>three weeks</u>, the Fourth Circuit
6  held that continued incarceration with no prospective surety
7  available to post bond was an exceptional circumstance justifying
8  deposition and release of the material witness. (United States v.
9  Rivera, 859 F.2d, 1204, 1205 (4th Cir. 1988)

10       The circumstances in this case are similar to Torres-Ruiz and
11 Rivera, as the material witness in this case continues to be held
12 for no purpose other than to be a witness owing solely to his
13 inability to post bond. Because deposition serves as an adequate
14 alternative to his continued incarceration, JOSE FILOMMENO has "an
15 overriding liberty interest in not being detained as a material
16 witness when the deposition serves as an adequate alternative to
17 prolonged detention." (Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419-420
18 (5th Cir. 1992)).  Under the standards articulated by the Court of
19 Appeals, prolonged incarceration of JOSE FILOMMENO merely because
20 of his inability to secure bond thus is an exceptional circumstance
21 that mandates his immediate deposition and release.

22       Exceptional circumstances also may be shown by the effect of
23 prolonged incarceration on the family of the material witness.
24 (Torres-Ruiz v. United States District for the Southern District of
25 California)  In the Torres-Ruiz case, the material witnesses were
26 held more than 60 days and the Ninth Circuit held "the continued
27 detention of . . . material witnesses, whose testimony could be
28

4

1  adequately preserved by videotaped deposition and whose families
2  are suffering extreme hardship as a result of petitioner' continued
3  detention, is an exceptional circumstance justifying the
4  extraordinary remedy of mandamus. . ." and ordered the district
5  court to "schedule video depositions of petitioners at the earliest
6  possible date."
7  In the instant matter, counsel acting on behalf of the
8  detained material witness believes there will be no failure of
9  justice in requiring a deposition, and asserts that such is
10 supported by case law.  It is true that the defendant has a
11 Constitutional right to confront and cross-examine witnesses
12 against him, but these rights must be balanced against the
13 Constitutional rights of the detained witness.  In this matter, the
14 defendant is represented by counsel who has been notified of the
15 deposition and invited to ask all questions of the witness which
16 counsel believes will further his case.

### III.

### CONCLUSION

Under the clear meaning of U.S.C. Section 3144, legislative history and relevant case law, the ordering of a deposition and subsequent release of this material witness is mandatory. With that in mind, the witness respectfully requests this Court grant a video deposition of his testimony and then order his release.

DATED: November 26, 2007

/s/ Al Smithson
AL SMITHSON, Attorney for
Material Witness
JOSE FILOMMENO