FILED
DEC 1 3 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _MB_ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Honorable BARBARA L. MAJOR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALFONSO TORRES,<br><br>Defendant. | CRIMINAL CASE    07CR3110-JM<br>MAGISTRATE CASE 07MJ8857-PCL<br>  DATE: December 13, 2007<br>  TIME: 10:30 A.M.<br><br><br>ORDER<br>SETTING VIDEO DEPOSITION<br>OF MATERIAL WITNESS<br>JOSE FILOMMENO |

   On application of Attorney Al Smithson, on behalf of the above-named material witness, and good cause appearing:

   1. The material witness, JOSE FILOMMENO, being held in custody in case number 07CR3110-JM shall be deposed on _12/27_, 2007 at _10AM_, at a place designated in the United States Attorneys Office at 880 Front Street, San Diego, California.

   2.   All parties shall attend the deposition.  The arresting agency  shall bring the material witness to the deposition.  If any defendant is in custody, that defendant or those defendants shall be brought separately to the deposition.  A marshal shall

remain present throughout the preceding.

3. The United States Attorney's office shall provide a videotape and audio tape operator and arrange for a court-certified interpreter to be present for the material witness, if necessary.

4. The cost of the interpreter for the material witness will be borne by the Court.

5. If the defendants need an interpreter independent of the material witness interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendants shall be paid by the Court.

6. A notary is to preside at the deposition in accordance with Rule 28(a), Fed.R.Civ.P. The parties may, by written stipulation, agree to selection of any state certified notary. In the absence of a written stipulation, the U.S. Attorney's Office shall provide and pay for a notary as set forth in Fed.R.Civ.P. 28(c).

7. The deposition shall be videotape and audiotape recorded. Prior to the conclusion of the deposition, the deponent, or a party, may, for good faith reasons, elect to have the deponent review the videotaped record of his deposition so as to check the recording for errors or omissions and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

8. The videotape operator shall select and supply all

1  equipment required to videotape the deposition and shall
2  determine all matters of staging and technique, such as number
3  and placement of cameras and microphones, lighting, camera angle,
4  and background. He or she shall determine these matters in a
5  manner that accurately reproduces the appearance of the witness
6  and assures clear reproduction of both the witness' testimony and
7  the statements of counsel. The witness, or any party to the
8  action, may place upon the record any objection to the videotape
9  operator's handling of any of these matters. Such objections
10 shall be considered by the Court in ruling on the admissibility
11 of the video record. All such objections shall be deemed waived
12 unless made promptly after the objector knows, or has reasonable
13 grounds to know, of the basis of such objection.
14     9. The deposition shall be recorded in a fair, impartial,
15 objective manner. The videotape equipment shall be focused on
16 the witness; however, the videotape operator may from time to
17 time focus upon charts, photographs, exhibits or like material
18 being shown to the witness during the deposition.
19     10. Before examination of the witness, the Assistant United
20 States Attorney shall state on the video record his or her name;
21 the date, time and place of the deposition; the name of the
22 witness and the caption of the action; the identity of the
23 parties and the names of all persons present in the deposition
24 room. A notary shall then swear the witness on the video record.
25 Further, at the beginning of the examination by each counsel, the
26 counsel shall identify himself or herself and his or her
27 respective client on the record.
28

11. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape is stopped or started, the operator shall announces the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

12. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

13. The party offering the deposition into evidence at trial shall be responsible for providing the Court with a transcript of the portions so offered. The transcript will be used in lieu of contemporaneous transcription by the court reporter.

14. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotaped record.

15. At the conclusion of the deposition, the Government and defendants will advise the material witness attorney if they intend to object to the release of the material witness. If the parties do not object to the release of material witness, the

1  Government will immediately approve the material witness' release
2  order.  The Government will provide the witness with a subpoena
3  for the trial date and a travel fund advance letter.
4      16.  If either party objects to the release of the material
5  witness, the objecting party must within four business hours
6  after the deposition has concluded request a hearing on the issue
7  before the District Court.  At the hearing, the objecting party
8  must be prepared to show why live witness testimony is vital to
9  its case.  If, after the hearing, the Court decides to release
10 the material witness, the material witness attorney should file
11 the witness release order immediately.  Again, the Government
12 must serve the material witness with a trial subpoena and a
13 travel fund advance letter before the material witness is
14 released from custody.
15     17.  The Assistant United States Attorney shall maintain
16 custody of the original videotape of the deposition along with a
17 certificate signed by the videotape operator attesting that it is
18 an accurate and complete recording of the deposition until such
19 time as any party or the material witness' attorney requests that
20 it be filed with the court.
21     18. Upon such request, the Assistant United States Attorney
22 shall file this original tape, along with the certification, with
23 the court in a sealed envelope marked with the caption of the
24 case, the name of the witness and the date of the deposition.
25     19.  Upon request by either party, the Assistant United
26 States Attorney shall provide a copy of the videotaped deposition
27 to the requesting party at the requesting party's expense.
28

20. The stenographic transcript shall be filed with the Court as necessary pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, as applicable.

21. Unless waived by the parties, prompt notice shall be given to all parties of the filing of the videotaped record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

IT IS SO ORDERED.

DATED: 12/13/07

*Barbara L. Major*
UNITED STATES MAGISTRATE JUDGE